UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                              Case No. 08-CR-10

MARILYN COPELAND,

        Defendant.

ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION OF MARCH 3, 2008, (DOC. # 16) DENYING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT; AND ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION OF MARCH 10, 2008, (DOC. # 20) DENYING DEFENDANT'S MOTION TO SUPPRESS

On February 7, 2008, the defendant, Marilyn Copeland, filed five pretrial motions: (1) Motion to Dismiss Count One of the Indictment under Fed. R. Crim. P. 7(c)(1); (2) Motion to Dismiss the Indictment for Due Process Violation (entrapment by estoppel); (3) Motion to Dismiss the Indictment for Pre-Indictment Delay; (4) Motion to Compel Discovery; and (5) Motion to Suppress Statements. These five motions were submitted to the court in one document (Doc. # 9).

Following briefing by the parties, Magistrate Judge Callahan issued a decision on March 3, 2008, in which he ordered that the Motion to Compel Discovery be denied, and recommended to this court that the three motions to dismiss be denied. Magistrate Judge Callahan also held an evidentiary hearing on the defendant's motion to suppress, and following additional briefing by the parties after the hearing, issued a decision on March 11, 2008, recommending that the motion to suppress be denied. The parties were directed to

28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3, whereby any objections to the magistrate judge's recommendations must be filed within ten days of service of the order. No objections to any of Judge Callahan's recommendations were received by this court within the time available.

A district court must review de novo any recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any unobjected-to portions of a magistrate judge's recommendations are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that the magistrate judge's rulings are overturned only if the district court is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

The court has reviewed Judge Callahan's recommendations as to the defendant's Motion to Dismiss Count One of the Indictment; Motion to Dismiss the Indictment for Due Process Violation; and Motion to Dismiss the Indictment for Pre-Indictment Delay, and finds no clear error. Further, the court has reviewed Judge Callahan's recommendation as to the defendant's Motion to Suppress and finds no clear error.

Now, therefore,

IT IS ORDERED that the magistrate judge's recommendations of March 3, 2008, as to the defendant's (1) Motion to Dismiss Count One of the Indictment under Fed. R. Crim. P. 7(c)(1); (2) Motion to Dismiss the Indictment for Due Process Violation; and (3) Motion to Dismiss the Indictment for Pre-Indictment Delay, are adopted.

IT IS FURTHER ORDERED that the Defendant's Motion to Dismiss Count One of the Indictment Pursuant to Fed. R. Crim. P. 7(c)(1) and Motions to Dismiss the Indictment Based upon a Violation of Due Process and Pre-Indictment Delay are denied.

IT IS FURTHER ORDERED that the magistrate judge's recommendation of March 10, 2008, as to the Defendant's Motion to Suppress Statements is adopted.

IT IS FURTHER ORDERED that the Defendant's Motion to Suppress Statements is denied.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

3